PER CURIAM.
The referee in this cause filed his report with the Board of Governors on June 10, 1970, which report was thereafter filed in this Court on June 12, 1970. Although 60 days have elapsed since the filing in this Court of said report and services on respondent of a copy thereof by the Clerk of this Court, respondent has riot filed any petition for review as he is entitled to do by Rule 11.09(3) (a) of the Integration Rule of The Florida Bar, 32 F.S.A.
The findings of fact by the referee are that the respondent, a member of The Florida Bar while acting as the attorney for Linnie O. Batzer, now deceased, received certain funds of said client amounting to several thousands of dollars and did *152 thereafter embezzle and convert the same to his own use. The referee recommends that for such dereliction and particularly for violating Article XI, Rule 11.02(4), of the Integration Rule, 32 F.S.A., Canon 11 of the Canons of Professional Ethics and Rules 1, 27, 30 and 33 of the Additional Rules Governing the Conduct of Attorneys in Florida, 32 F.S.A., that respondent Curtiss B. Hamilton, a member of The Florida Bar, be disbarred from practice of law in the State of Florida and that the cost of $140.00 be taxed against him. The Court approves in all respects the findings of the referee and his recommendations for punishment.
It is adjudged that respondent Curtiss B. Hamilton, a member of The Florida Bar, be and he hereby is disbarred from the practice of law in Florida and that The Florida Bar do have and recover its cost herein in the sum of $140.00 for which let execution issue.
It is so ordered.
DREW, Acting C. J., and THORNAL, CARLTON, ADKINS and BOYD, JJ., concur.